UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEFFREY GALE LOCKLEAR, | Civil Action No.: 4:17-CV-01202-TER |
| Plaintiff, | **ORDER** |
| -vs- | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security; | |
| Defendant. | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned by voluntary consent pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff filed his application for DIB and SSI on October 29, 2014, alleging inability to work since October 29, 2014 (Tr. 13, 71). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on December 1, 2016, at which time Plaintiff testified. A vocational expert (VE) was not present. The Administrative Law Judge (ALJ) issued an unfavorable decision on February 7, 2017, finding that Plaintiff was not disabled

within the meaning of the Act. (Tr. 13-20). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on March 31, 2017, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4). Plaintiff filed this action on May 8, 2017.

**B.     Plaintiff's Introductory Facts**

Plaintiff was born on November 8, 1960, and was approximately fifty-three years old at the time of the alleged onset. (Tr. 50). Plaintiff completed his education through at least high school and has past work experience as a police investigator. (Tr. 57). Plaintiff alleges disability initially due to permanent nerve damage in neck, losing feeling in both hands/arm, and migraines. (Tr. 50). Pertinent testimony and records will be summarized under the relevant issue heading.

**C.     The ALJ's Decision**

In the decision of February 7, 2017, the ALJ made the following findings of fact and conclusions of law (Tr. 13-20):

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2.  The claimant has not engaged in substantial gainful activity since October 29, 2014, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3.  The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work ( described as requiring lifting and carrying 20 pounds occasionally and 10 pounds frequently as well as an ability to stand, sit, and walk each for 6 hours in an 8-hour workday) with frequent climbing of ramps and stairs, stooping, kneeling, crouching and crawling and occasional climbing of ladders, ropes and scaffolds.

6. The claimant is capable of performing past relevant work as a police inspector. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 29, 2014, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to make findings required by SSR 82-62 in making the determination that Plaintiff could return to PRW as a police inspector. Plaintiff also argues the ALJ's RFC was not supported by substantial evidence and that the record failed to support that Plaintiff could work on a regular and continuing basis. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

### A. LEGAL FRAMEWORK

#### 1. The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and

noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

4

423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

2.  **The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.     ANALYSIS**

**PRW**

Plaintiff argues the ALJ did not comply with SSR 82-62 when making the determination that Plaintiff could return to PRW as a police inspector.

Plaintiff completed a work history report. (Tr. 233-40). Relevant to the police inspector PRW finding, Plaintiff reported as the first job "uniform deputy/investigator" from September 2009 to October 2014. (Tr. 233). Plaintiff reported as the fourth job "investigator" from January 2005 to June 2008. (Tr. 233). For both of these, Plaintiff's employer was the Marlboro County Sheriff. (Tr. 233). For the first job, Plaintiff reported that he interviewed suspects, responded to crimes, processed scenes, completed paperwork, wrote reports, processed evidence, logged drug evidence, made undercover drug buys, assisted other agencies, and worked on a computer. (Tr. 234). In the first job, Plaintiff walked/stood 8 hours, sat for 2 hours, kneeled/crouched 1 hour each, wrote/typed 4 hours, and reached 12 hours. (Tr. 234). Plaintiff lifted/carried 10 pounds frequently. Lifting and carrying was stated as "boxed evidence at crime scenes, carried approximately 20 feet to vehicle, this was done on a daily basis." (Tr. 237). Plaintiff noted the first job was 12 hours a day.

6

For the fourth job, Plaintiff reported that he investigated crimes, processed crime scenes, completed paperwork, processed evidence, made undercover drug buys, logged evidence, and made arrests. (Tr. 237). Plaintiff worked 12 hours a day. Plaintiff reported that he walked, stood, kneeled, crouched, handled big and large objects, stooped, and reached for 12 hours each. Plaintiff reported he sat for 2 hours. (Tr. 237). Plaintiff reported he frequently lifted 10 pounds. The heaviest Plaintiff lifted in the fourth job was 50 pounds. Lifting and carrying was stated as "evidence boxed, recovered property, twenty yards, all day." (Tr. 237).

At the hearing, the following exchanges occurred:

Q And your past work, it looks like you mostly did law enforcement work or narcotics investigation?
A Yes.
Q And that was the last job you had, I believe was the narcotics investigator through 2009 and 2014?
A Yes.
...
Q Okay. All right and why did you stop working with narcotics investigat[ion]?
A When I got hurt in May of 2011, I had surgery that October of 2011. I had -- they replaced the disc in my neck and put screws and plates. Well, I went back to work in 2012. I started developing the same pain that I had when I had the accident and it started in my arms, in the back of my neck and in the back of my head. I went to different pain management doctors, even specialists, neurosurgeons, neurologists and they all came up with the same conclusion. I even had a nerve conduction study done and they found permanent nerve damage and that was what was causing my constant pain and that's -- when I [was laid] off in 2014, the pain, the migraines and all that started so bad that I eventually finally got some help with those, with the injections and it· just -- my arms just didn't get any better. I couldn't get any relief, so I decided it was best that I leave.
Q When you went back to work do you think you were able to go back to work?
A No.

(Tr. 31-32). Plaintiff testified that his employer told him if he did not return to work they were going to terminate him, so he returned to work against Dr. Highsmith's wishes. (Tr. 33).

The ALJ here found:

The claimant indicated in a work history questionnaire completed in conjunction with his application for benefits that his past work as a police inspector required lifting no more than ten pounds. He also indicated that the position required standing/walking up to eight hours and sitting up to two hours

7

as well as stooping, kneeling, and crouching up to one hour per day. (Exhibit 3E, page 2) In addition, the Dictionary of Occupational Titles (DOT) describes the position of a police inspector (DOT# 375.267-026) as light skilled work.

In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

(Tr. 20).

Pursuant to 20 C.F.R. §416.920(a)(4) (iv), "[i]f you can still do your past relevant work, we will find that you are not disabled." SSR 82–62 sets forth the procedures used at Step Four of the sequential analysis when determining whether the claimant's RFC permits him to return to his PRW. The ALJ must consider whether a claimant has the RFC to "meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy)," and, if the claimant can return to his PRW, he may be found "not disabled." SSR 82–62.

The ALJ is required to consider:

Determination of the claimant's ability to do PRW requires a careful appraisal of **(1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements;** (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy. The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and **must be developed and explained fully** in the disability decision. Since this is an important and, in some instances, a controlling issue, **every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit**.

SSR 82-62(emphasis added).

Further, SSR 82–62 requires the following specific factual findings when the ALJ determines that a claimant can meet the physical and mental demands of PRW:

8

The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.
...
In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
1. A finding of fact as to the individual's RFC.
**2. A finding of fact as to the physical and mental demands of the past job/occupation**.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62(emphasis added).

The ALJ is required to consider the Plaintiff's testimony as to why past work could not be performed. *Harris v. Sec'y Dep. of Health and Human Servs.*, 866 F.2d 1415 (1989)(unpublished)(citing SSR 82-62). In *Harris*, the ALJ's findings were devoid of any reference or discussion of the plaintiff's contention of what caused his inability to continue his job as a security guard. *Id.* Because the ALJ did not discuss plaintiff's testimony, the Fourth Circuit found the ALJ's findings were deficient under the mandates of SSR 82-62 and remanded the case. *Id.* Here, the ALJ did not develop further or expressly consider Plaintiff's testimony of the work requirements and his reason for ceasing the job. The ALJ relied on a job as described in a form by Plaintiff, without considering, as required by SSR 82-62, Plaintiff's "statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements." *See* SSR 82-62. Such error requires remand. *See Harris*, 866 F.2d 1415.

Moreover, it is unclear to the reviewing court whether the ALJ considered, before solely relying on one page of the work history form, that Plaintiff performed similar or same jobs in the description of the first(the job relied on) and the fourth job and the differing requirements reported

of each job for the same employer(one which could possible be classified as medium based on lifting weight).

The ALJ has not "developed and explained fully," or provided a rationale that shows "clearly how specific evidence [the evidence required to be considered by SSR 82-62] leads to a conclusion" that Plaintiff can return to PRW. *See* SSR 82-62. This is not harmless error as there was no alternative finding, procession to Step 5, or any VE testimony. Defendant's reliance on the finding of return to PRW as it was *generally* performed as support against the descriptive conflict in Plaintiff's jobs as *actually* performed does not alleviate the lack of "careful appraisal" by the ALJ of Plaintiff's "statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements," as required by SSR 82-62.

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error regarding the RFC.

## III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and

10

1338(c)(3), the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and this case is REMANDED to the Commissioner for further administrative action as set forth above.

August 9, 2018
Florence, South Carolina

 s/Thomas E. Rogers, III 
Thomas E. Rogers, III
United States Magistrate Judge